*Preliminary Examination*

AO 432 (Rev. 2/84)

Administrative Office of the United States Courts

## WITNESS AND EXHIBIT RECORD

| DATE 8/20/07 | CASE NUMBER 07-152m | OPERATOR Golden | | | | PAGE NUMBER 1 | |
|---|---|---|---|---|---|---|---|
| NAME OF WITNESS | | DIRECT | CROSS | REDIRECT | RECROSS | PRESIDING OFFICIAL | |
| ATF Special Agent Jason Kushiba | | 4:13pm | 4:14pm | | | | |

| EXHIBIT NUMBER | DESCRIPTION | ID | ADMITTED IN EVIDENCE |
|---|---|---|---|
| 1 | Criminal Complaint | 1 | Yes |

FILED
AUG 20 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## In United States District Court
## For the District of Delaware

UNITED STATES OF AMERICA

v.

STEPHEN GOODMAN,
Defendant

Criminal Complaint

CASE NUMBER: 07-152M.

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about <u>August 15, 2007</u> in the District of Delaware, Defendant **STEPHEN GOODMAN** did knowingly possess in and affecting interstate commerce, a firearm, after having been convicted of a felony crime punishable by imprisonment for a term exceeding one year,

in violation of Title ___18___ United States Code, Section(s) _922(g)(1) and 924(a)(2)._

I further state that I am a(n) __Special Agent, ATF__ and that this complaint is based
                                   Official Title
on the following facts:

<u>See</u> attached Affidavit

Continued on the attached sheet and made a part hereof:   Yes

_____
Jason Kusheba
Special Agent, ATF

**GOVERNMENT EXHIBIT 1**

Sworn to before me and subscribed in my presence,

August 15, 2007                              at   Wilmington, DE
Date                                               City and State

Honorable Mary Pat Thynge
United States Magistrate Judge                _____
Name & Title of Judicial Officer                Signature of Judicial Officer

I, Jason M. Kusheba, being duly sworn, state as follows:

1. I am a Special Agent with the U.S. Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) and have been so employed for over six years. During that time, my duties have included the investigation of firearms offenses at both the State and Federal levels. Your Affiant is currently assigned to the Operation Disarm Task Force and has been so assigned since October, 2003. During the course of your affiant's law enforcement career, your affiant has received law enforcement training on the investigation of firearms offenses on over fifty occasions. Your affiant has participated in over one hundred investigations of firearms offenses and participated in the seizure of over fifty firearms. Your affiant has also had over one hundred conversations with police officers and Federal agents about the facts and circumstances of firearms offenses. Your affiant has been employed as a law enforcement officer in various capacities since 1997.

2. Unless otherwise stated, the information in this affidavit is based upon your affiant's personal knowledge.

3. The seizure of all the below stated evidence occurred on August 15, 2007, in the City of Wilmington, State and District of Delaware, as stated to me by Wilmington Police Officer James MacColl who has personal knowledge of the stated facts and who has related the below listed facts from the Wilmington Police Department to your affiant. Officer MacColl has been employed as a Wilmington Police Officer for approximately 2 years and has been and is currently assigned to patrol division. During his time as a police officer, Officer MacColl has been involved in numerous arrests involving firearms violations.

4. On or about August 15, 2007, Officer MacColl and Officer James DeLeo were working a "quality of life" patrol assignment in the northeast section of the city of Wilmington, DE. Both officers were wearing full police uniforms and driving a marked Wilmington Police Crown Victoria. Officer MacColl was the driver of the vehicle and Officer DeLeo was the passenger.

5. On or about the same date, at approximately 0222 hours, Officers MacColl and DeLeo were traveling southbound in the 2300 block of North Jessup Street, when they observed a male riding a bicycle traveling eastbound on East 23rd Street toward N. Jessup Street. The black male was later identified as the defendant, Stephen Goodman.

6. Officers observed the defendant turn southbound from East 23rd Street onto North Jessup Street approximately ½ block in front of their vehicle. Officers observed the defendant look over his shoulder at the officers, at which time, he took his right hand off the handle bar and placed it in front of himself as if he was attempting to conceal something and started to accelerate. Both Officers observed that the bicycle was not equipped with a light on the front of it, and they attempted to stop the defendant. Officer MacColl stated that it was a violation to be operating a bicycle at night without a light.

7. Officer MacColl pulled along the right side of the bicycle and gave the defendant verbal commands to stop to which he did not comply. At the same time, Officer MacColl observed the defendant's right hand on top of his shirt, holding something, near the front, right side, of his waist band.

8. The defendant then turned eastbound on East 22nd Street and attempted to cut in between two cars parked on the north side of the street. At that time, the defendant lost control of the bicycle and fell off hitting the ground face first. When the defendant hit the ground, Officers MacColl and DeLeo observed a black in color handgun fall from the area where the defendant's right hand was on his waistband and slide across the street. Officer MacColl stated that the firearm was clearly illuminated by the headlights of their patrol vehicle as well as by street lights. The defendant then fled on foot and was apprehended by Officer MacColl approximately 2 blocks away. The defendant was arrested with approximately 1 gram of plant-like material in his right rear pocket that field tested positive for Marijuana.

9. Upon seeing the handgun fall from the defendant's waistband area, Officer DeLeo immediately recovered the firearm which was determined to be a Bryco; model 48; .380-caliber pistol. The firearm was loaded with five (5) .380 caliber rounds in the magazine and one round loaded in the chamber. On or about the same date, your affiant examined the aforementioned firearm and determined that it was in fact a Bryco; model 48; .380-caliber pistol; with serial number 969603.

10. Upon seeing Officers recovering the firearm, the defendant spontaneously stated that the firearm wasn't on him and all he had was a bag of marijuana. After having been read his Miranda warnings the defendant stated that he only ran because he was wanted for violating the terms of his probation and denied having possession of the aforementioned firearm.

11. Your affiant reviewed the computer criminal history information for the defendant from the Delaware Justice Information System (DELJIS) and the National Crime Information Center (NCIC) and learned that the defendant has a prior felony conviction for Burglary in the First Degree from on or about May 12, 2003 in the New Castle County Superior Court for the State of Delaware, a crime punishable by imprisonment for a term exceeding one year. The defendant also has a prior felony conviction for Receiving Stolen Property (over $1000) from on or about June 25, 2003 in the New Castle County Superior Court for the State of Delaware, a crime punishable by imprisonment for a term exceeding one year. Your affiant also learned that, at the time of the defendant's arrest, he had outstanding warrants in the State of Delaware for Robbery in the First Degree and for violating the terms his probation.

12. From you affiant's training and experience, and from prior discussions with ATF Agents who are expertly trained and experienced in determining the interstate nexus of firearms, your affiant knows that the above mentioned firearm was manufactured in a state other than Delaware. As such, its possession in Delaware would have necessarily required that the firearm had crossed state lines prior to its possession in Delaware, and thus the possession of that firearm in Delaware affected interstate commerce.

13. Based upon your affiant's training and experience and visual inspection of the firearm, your affiant submits that there is probable cause to believe that the above-mentioned seized firearm contained the frame and receiver of a firearm, and that the firearm appeared to be capable of expelling a projectile by action of an explosive.

14. Wherefore, based upon your affiant's training and experience, your affiant submits that there is probable cause to believe that the defendant violated Title 18 U.S.C. Section 922(g) and 924(a)(2) by possessing in and affecting interstate commerce a firearm, after having previously been convicted of a felony crime punishable by imprisonment for a term exceeding one year, and respectfully requests that the Court issue a Criminal Complaint charging that offense.

_____
Jason M. Kusheba
Special Agent, ATF

Sworn to and subscribed in my presence
This 15th day of August, 2007

_____
Honorable Mary Pat Thynge
United States Magistrate Judge
District of Delaware