AO 472 (Rev. 3/86) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

District of     Delaware

UNITED STATES OF AMERICA
V.
Stephen Goodman
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case 07-152M

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

(1) There is probable cause to believe that the defendant has committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.
   ☐ under 18 U.S.C. § 924(c).
☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- X (1) There is a serious risk that the defendant will not appear.
- X (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by     clear and convincing evidence     a preponderance of the evidence: At this time, defendant did not oppose detention but reserve the right to do so at a later time which was granted. In addition, defendant should be detained on the bases of the following:

1. Although defendant has ties to the community (4 young children through two different mothers), his employment is very spotty and he is presently unemployed.
2. He is a daily user of marijuana, alcohol and PCP. He takes percocet "as much as I can get." His use of MJ began at age 14 (defendant is presently 23), alcohol at age 14 and percocet at age 18 and PCP beginning 6 months ago. His drug usage has continued despite treatment.
3. At the time of this incident, he was on state probation. A warrant for VOP is oustanding.
4. His crminal history began around age 10 years and includes conviction in 1997 for crminal mischief, 1999 convictions for possession of cocaine, possession with intent to deliver for which he violated probation in 2003. He was found in VOP on 2 other occassions for lesser offenses while still in the Family court system. In 2002, he was convicted of receivnig stolen property, for which he had an FTA issued and found in VOP in 2005. In 2003. he was convicted of burglary 1st/assault 3rd for which a FTA was issued and 2 VOPs, the last occurring in 2006. It is for this conviction that he has an outstanding VOP warrant Further, he has a warrant for robbery 1srt which allegedly occurred on July 2, 2007, and are not part of the instant offense of felon in possession of a weapon.

FILED

AUG 2 2 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

**Part III—Directions Regarding Detention**

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| August 22, 2007 | |
|---|---|
| Date | *Signature of Judicial Officer* |
| | Mary Pat Thynge, Magistrate Judge |
| | *Name and Title of Judicial Officer* |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).